UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGEL LANDEROS and AMELIA VILLALBA, | Case No. 2:14-CV-1525 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendant Joseph Parra's ("Officer Parra") renewed motion for judgment as a matter of law. (ECF No. 93). Plaintiffs Angel Landeros ("Landeros") and Amelia Villalba (collectively, "plaintiffs") filed a response (ECF No. 97), to which defendant replied (ECF No. 100).

Also before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion for remittitur. (ECF No. 94). No response has been filed, and the time to do so has passed.

Lastly before the court is plaintiffs' motion for attorneys' fees and costs. (ECF No. 96). LVMPD filed a response (ECF No. 99), to which plaintiffs replied. (ECF No. 101).

**I.   Facts**

The factual and procedural history of this case is generally undisputed. *See* (ECF No. 39). On February 8, 2013, LVMPD Officers Parra, Clyde Villanueva, and Scott Thomas (collectively, "the officers") were attempting to execute the arrest of violent criminal Roberto Torres, a non-party to this action, who was wanted for shooting his girlfriend in the head. (ECF No. 93 at 3). In

**James C. Mahan
U.S. District Judge**

attempting to execute Torres' arrest, the officers had been surveilling his whereabouts all day from their vehicles, which they had parked just outside his apartment complex. (ECF No. 97 at 2).

Eventually, the officers observed Torres exit his apartment to join plaintiffs on the street. *Id.* Plaintiffs were meeting with Torres to attempt to sell him their car, which they had posted for sale online. *Id.* Plaintiffs did not know that Torres was a violent criminal with an active felony arrest warrant. *Id.*

The officers were instructed to contact LMVPD's "Repeat Offender Team" ("ROP") upon locating Torres so that ROP could effectuate Torres' arrest. *Id.* However, when the officers observed Torres about to enter the car with plaintiffs, they made the hurried decision to arrest Torres immediately and without the assistance of ROP. *Id.* at 2–3.

Officers Parra and Villanueva, who were wearing identifiable LVMPD kevlar vests on top of their plain clothes, exited their vehicles with guns drawn and issued verbal commands for all three individuals to get on the ground. (ECF No. 93 at 3). Officer Thomas remained under cover down the street. *Id.* At some point during this interaction, while plaintiffs were in the process of complying with Officers Parra and Villanueva's verbal commands, Torres produced a firearm. (ECF No. 97 at 3).

While the parties dispute whether Torres or Officer Parra opened fire first, it is undisputed that Torres was able to discharge at least one round from his firearm and that "[a]lmost simultaneously," Officer Parra shot at Torres. *Id.* Unfortunately, Officer Parra's shot missed Torres and struck plaintiff Landeros, causing him severe injury to his arm, torso, and spine. *Id.*

Upon hearing and seeing the exchange of gunshots, Officer Thomas broke cover from down the street and fired six shots at Torres, killing him. *Id.* However, one of Officer Thomas' gunshots ricocheted and grazed Villalba's ankle, causing her minor injury. *Id.*

Plaintiffs initiated the instant suit on September 18, 2014, against the officers and LVMPD for damages to compensate them for their injuries. (ECF No. 1). The complaint asserted various federal law claims pursuant to 42 U.S.C. § 1983, as well as state law claims for assault, battery, and negligence. *Id.*

Prior to trial, LVMPD and the officers made an offer of judgment to plaintiffs in the amount of $100,000, with each party to bear its own attorneys fees and costs, in exchange for full and complete satisfaction of all claims. (ECF No. 96-1). Plaintiffs rejected the offer and proceeded to trial.

Trial commenced on January 28, 2019. (ECF No. 81). At the close of evidence and during closing arguments, plaintiffs withdrew the following claims: (1) Landeros' Fourth Amendment excessive force claim against Officers Parra and Villanueva; (2) Landeros' state-law assault and battery claims; and (3) Villalba's state-law assault and battery claim. (ECF No. 93 at 4). Accordingly, the only claims submitted to the jury were Landeros' Fourteenth Amendment due process claim, Landeros' state law negligence claim, and Villalba's state law negligence claim. *Id.*

Following closing arguments, defendants made their first oral motion for judgment as a matter of law, which the court denied. Thereafter, following several hours of deliberation, the jury returned a verdict which found for defendants on all claims except Landeros' state-law negligence claim against Officer Parra and awarded Landeros $225,000 in damages. (ECF Nos. 90, 92).

Thereafter, the parties filed the instant motions for judgment as a matter of law, remittitur, and attorney's fees and costs.

**II.    Legal Standard**

Under Rule 50(b), after the court enters judgment, a party may file a renewed motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50. Rule 50 provides that judgment as a matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Under Rule 50, the court reviews whether "substantial evidence" supports the jury verdict. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1256 (9th Cir. 2013).

A verdict is not supported by substantial evidence "when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Id.* In other words, Rule 50 "allows the trial court to remove cases

or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000).

**III.    Discussion**

The court will address the parties' various motions in turn.

*a.  Officer Parra's motion for judgment as a matter of law*

Officer Parra argues that he is entitled to judgment as a matter of law despite the adverse jury verdict returned in this case because, (1) he did not owe a duty to Landeros at the time of the incident, and (2) he is entitled to discretionary function immunity pursuant to NRS § 41.032. The court will address each argument in turn.

### *i.    Officer Parra's duty to Landeros*

Officer Parra argues that he cannot be held liable to plaintiff Landeros for negligence because police officers do not owe any duty of care to innocent bystanders. (ECF No. 93 at 11). However, in support of his argument, Officer Parra cites only two cases from the California State courts, neither of which is mandatory authority in the District of Nevada. *See id.* at 11–12.

On the contrary, this court has previously held that "[p]olice officers unquestionably owe a duty of care to the general public." *Vasquez–Brenes v. Las Vegas Metro. Police Dep't*, 51 F. Supp. 3d 999, 1014 (D. Nev. 2014), *rev'd and remanded on other grounds*, No. 14–16939, 2016 WL 6648698 (9th Cir. Nov. 10, 2016). Accordingly, the court finds that Officer Parra's argument fails to demonstrate that the law requires a result that is contrary to the jury's verdict. *Weisgram*, 528 U.S. at 448; *Hagen*, 736 F.3d at 1256.

### *ii.    Discretionary function immunity pursuant to NRS § 41.032*

Officer Parra asserts that he is entitled to discretionary function immunity provided by Nevada law. Nevada has conditionally waived its immunity from suit through NRS § 41.031 *et seq.* However, this waiver of immunity is not unlimited. The Nevada legislature also enacted NRS § 41.032, which provides an exception to the general waiver of immunity set forth in NRS § 41.031. *See* Nev. Rev. Stat. § 41.031. One subsection of NRS § 41.032 is commonly referred to as the "discretionary function exception" to the state's waiver of immunity. That subsection provides:

> Except as provided in NRS 278.0233 no action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:
>
> . . .
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

NRS § 41.032(2).

In 2007, the Nevada Supreme Court adopted the United States Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity. *See Martinez*, 168 P.3d at 722, 728–29 (Nev. 2007). Under the test, state actors are entitled to discretionary-function immunity pursuant to NRS § 41.032(2) if their decision "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Id.* at 729.

The parties do not dispute that Officer Parra's actions satisfy the first prong of the test, as his decision to discharge his firearm in response to the threat posed by Torres necessarily involved an element of judgment or choice. *See* (ECF No. 97 at 5). The court agrees. *See Huff v. North Las Vegas Police Dept.*, No. 2:10-cv-01394-RFB-GWF, 2013 WL 6839421 at *10 (D. Nev. Dec. 23, 2013).

As to the second prong, the parties disagree about whether Officer Parra's decision to shoot at Torres was based on "considerations of social, economic, or political policy." *Martinez*, 168 P.3d at 729. The Nevada Supreme Court has not addressed whether an officer's use of deadly force qualifies as a decision that is based on social, economic, or political policy since it adopted the *Berkovitz-Gaubert* test. Moreover, Officer Parra fails to cite a single authoritative case analyzing the applicability of NRS § 41.032(2) in the context of a police officer's use of deadly force. *See* (ECF No. 93).

However, this court and other courts in this district have previously addressed this issue and have found that a police officer's decision regarding the amount of force to use in a particular situation is not the type of decision the discretionary function exception was "designed to shield."

James C. Mahan
U.S. District Judge

*See Vasquez–Brenes v. Las Vegas Metro. Police Dep't*, 51 F. Supp. 3d 999, 1014 (D. Nev. 2014), *rev'd and remanded on other grounds*, No. 14–16939, 2016 WL 6648698 (9th Cir. Nov. 10, 2016) (denying immunity to officer who fatally shot a belligerent arrestee who was unaffected by other, non-deadly methods); *Correa v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-01852-JAD-NJK, 2018 WL 1511719 (D. Nev. March 27, 2018) ("I agree with the courts that have determined that the discretionary-function exception does not protect decisions regarding use of force."). *See also Bruins v. Osborn*, No. 2:15-cv-00324-APG-VCF, 2016 WL 697109 (D. Nev. Feb. 19, 2016).

Indeed, the court finds that an officer's "decision regarding the appropriate degree of force to use [does] not involve any social, economic, or policy considerations within the meaning of *Martinez*." *Mason v. Izzo*, No. 2:15-cv-738-JCM-NJK, 2016 WL 7428225, at *9 (D. Nev. December 22, 2016) (citing *Martinez*, 168 P.3d at 728). When an officer makes the split-second decision to employ deadly force in response to an immediate threat, he or she does not seek to make a lasting impression on police policy and procedures; rather, the officer seeks primarily to quell the threat of danger. Such is the case here.

The court therefore agrees with other courts in this district that have relied on *Martinez* for the proposition that an officer's individual assessment of how much force to use in response to a given situation is not an "integral part of governmental policy-making or planning." *Correa*, 2018 WL 1511719 at *3; *Vasquez-Brenes*, 51 F.Supp. 3d at 1013 (citing *Martinez*, 168 P.3d at 729).

Because the court is persuaded by decisions in this district that have held that NRS § 41.032(2) does not immunize a police officer's use of deadly force, and because Officer Parra fails to cite any authority to the contrary, the court finds that Officer Parra is not entitled discretionary function immunity pursuant to NRS § 41.032(2). Accordingly, Officer Parra is not entitled to judgment as a matter of law based on this argument, as he has not demonstrated that "the law requires a particular result" that is "contrary to the jury's verdict." *Weisgram*, 528 U.S. at 448; *Hagen*, 736 F.3d at 1256. Officer Parra's renewed motion for judgment as a matter of law is denied.

. . .

. . .

James C. Mahan
U.S. District Judge

b. *LVMPD's motion for remittitur*

LVMPD argues, and plaintiffs concede, that plaintiff Landeros' award in this matter is subject to the $100,000 statutory cap prescribed by NRS § 41.035. (ECF No. 94); (ECF No. 96 at 5). NRS § 41.035 provides, in relevant part:

> NRS 41.035  Limitation on award for damages in tort actions.
>
> 1. An award for damages in an action sounding in tort brought under NRS 41.031 or against a present or former officer or employee of the State or any political subdivision, immune contractor or State Legislator arising out of an act or omission within the scope of the person's public duties or employment may not exceed the sum of $100,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. An award may not include any amount as exemplary or punitive damages.
>
> . . .

Nev. Rev. Stat. § 41.035(1).

Because Landeros prevailed only on his state law negligence claim against Officer Parra, the court finds that the judgment in this case must be reduced to the $100,000 statutory limit. *See id.*; *State v. Eaton*, 710 P.2d 1370, 1373 (Nev. 1985), *rev'd and remanded on other grounds*, No. 27762, 963 P.2d 480 (Nev. Sept. 1, 1998). Accordingly, LVMPD's motion for remittitur is granted.

c. *Plaintiffs' motion for attorneys' fees and costs*

Finally, the court turns to plaintiffs' motion for attorneys' fees and costs. Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). "In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

Plaintiffs argue that they are entitled to attorneys' fees and costs pursuant to Nevada Rule of Civil Procedure ("NRCP") 68, which governs offers of judgment. (ECF No. 96). *See* Nev. R. Civ. P. 68.

Rule 68 provides, in pertinent part:

> Rule 68. Offers of Judgment.
> (a) The Offer. At any time more than 21 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions. Unless otherwise specified, an offer made under this rule is an offer to resolve all claims in the action between the parties to the date of the offer, including costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees.
> . . .
> (f) Penalties for Rejection of Offer.
>     (1) In General. If *the offeree* rejects an offer and fails to obtain a more favorable judgment:
>         (A) *the offeree* cannot recover any costs, expenses, or attorney fees and may not recover interest for the period after the service of the offer and before the judgment; and
>         (B) *the offeree must pay the offeror's post-offer costs and expenses*, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer. If *the offeror's* attorney is collecting a contingent fee, the amount of any attorney fees awarded to the party for whom the offer is made must be deducted from that contingent fee.
> . . .

Nev. R. Civ. P. 68 (emphasis added).

LVMPD argues that Rule 68 does not entitle plaintiff Landeros to attorneys' fees and costs, as NRCP 68 allows an award of fees only "to a party *who serves* an offer of judgment and then obtains a more favorable result at trial. Because Landeros never served [Officer] Parra with an offer of judgment, he has no basis to recover fees." (ECF No. 99 at 1–2) (emphasis in original).

Based on the plain reading of the statute and plaintiffs' failure to cite any authority demonstrating that an *offeree* who rejects an offer and achieves a more favorable result is entitled to fees pursuant to the statute, the court agrees. NRCP 68(f), which prescribes the "penalties" the court may impose where an offeree rejects an offer, does not contain any language which provides for recovery of attorneys' fees and costs by an offeree who rejects an offer of judgment and then

James C. Mahan
U.S. District Judge

- 8 -

obtains a more favorable judgment. *See* NRCP 68. Rather, the rule is one-sided, providing attorneys' fees and costs only to an *offeror* where the *offeree* fails to achieve a more favorable judgment. *Id.* The rule does not apply in the reverse situation presented here, where the offeree rejects an offer of judgment and then seeks attorneys' fees and costs after purportedly achieving a more favorable result. *Id.*

It is telling that plaintiffs fail to cite (and the court is unable to find) any authority holding that NRCP 68 can be invoked by an offeree to recover attorneys' fees and costs after having achieved "a more favorable judgment" than that offered by the offeror. Moreover, LVMPD's argument against such an interpretation comports with the intent of the rule, which is to encourage offers of settlement. *Beattie v. Thomas*, 688 P.2d 268, 274 (Nev. 1983) (acknowledging that the "purpose of NRCP 68 is to encourage settlement. . ."). If NRCP 68 entitled offerees who reject offers of settlement and then happen to obtain a more favorable judgment at trial to attorneys' fees and costs as a result, this would chill the desire of opposing parties to make such offers of judgment in the first instance. The court will not read into NRCP 68 the undesirable result where no such provision exists.

Accordingly, plaintiffs' motion is denied.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Officer Parra's renewed motion for judgment as a matter of law (ECF No. 93) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that LMVPD's motion for remittitur (ECF No. 94) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for attorneys' fees and costs (ECF No. 96) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the entry of judgment in this case (ECF No. 92) be, and the same hereby is, AMENDED to reflect a judgment in the amount of $100,000.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

The clerk is instructed to enter judgment accordingly.

DATED May 3, 2019.

_____
UNITED STATES DISTRICT JUDGE